UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 1:24-CV-21803**

Michael Grecco Productions, Inc.,

    Plaintiff,

v.

Eurochannel, Inc.,

    Defendant.

_____/

**DEFENDANT, EUROCHANNEL, INC.'s
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant, Eurochannel, Inc. ("Eurochannel"), files its Answer and Affirmative Defenses to Plaintiff, Michael Grecco Productions, Inc.'s, Complaint [D.E. 1] dated May 9, 2024 and states:

**INTRODUCTION**[1]

1. Admitted that the Complaint seeks to recover damages for copyright infringement, but denied as to any liability thereunder.

2. Without knowledge, therefore denied.

3. Admitted that Eurochannel operates a website at domain www.eurochannel.com, but otherwise denied.

4. Denied.

**PARTIES**

5. Without knowledge, therefore denied.

---

[1] We incorporate Plaintiff's headings for ease of reference only; they are not intended to infer admissions.

6. Without knowledge, therefore denied.

7. Without knowledge, therefore denied.

8. Without knowledge, therefore denied.

9. Without knowledge, therefore denied.

10. Without knowledge, therefore denied.

11. Without knowledge, therefore denied.

12. Admitted only that Eurochannel is a Delaware corporation with its principal place of business at 3105 Northwest 107th Avenue, 400-B5, Doral, Miami-Dade County, Florida, but denied as to any liability alleged, and all remaining allegations are denied as well.

## JURISDICTION AND VENUE

13. Admitted that this Court has subject matter jurisdiction over federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331 but denied as to any liability thereunder.

14. Admitted.

15. Admitted that venue is proper in this district, but otherwise denied.

## FACTS COMMON TO ALL CLAIMS

16. Without knowledge, therefore denied.

17. Without knowledge, therefore denied.

18. Denied that the asserted work is sufficiently original to warrant copyright protection and therefore denied.

19. Denied that the asserted work is sufficiently original to warrant copyright protection and therefore denied.

20. Without knowledge, therefore denied.

21. Denied that the asserted work is sufficiently original to warrant copyright protection and therefore denied.

22. Without knowledge, therefore denied.

23. Without knowledge, therefore denied.

24. Admitted only that Eurochannel is the owner of the Website, but denied as to remaining allegations.

25. Denied as phrased.

26. Denied.

27. Denied.

28. Denied as phrased.

29. Denied that permission or authorization was required, and otherwise denied.

30. Without knowledge, therefore denied.

31. Denied that permission or authorization was required, and otherwise denied.

32. Denied.

33. Without knowledge, therefore denied.

34. Admitted that Eurochannel is the owner of the Website, but otherwise denied.

35. Denied.

36. Denied.

37. Denied.

38. Admitted only that Eurochannel is the owner of the Website; otherwise denied.

39. Admitted only that Eurochannel is the owner of the Website; otherwise denied.

40. Denied, and specifically denied that Eurochannel has received any financial benefit whatsoever from the Photograph at issue.

41. Denied, and specifically denied that Eurochannel has received any financial benefit whatsoever from the Photograph at issue.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

51. Eurochannel incorporates its responses to paragraphs 1 through 50 above as if fully set forth herein.

52. Denied, and specifically denied that the asserted work is sufficiently original to warrant copyright protection.

53. Without knowledge, therefore denied.

54. Without knowledge, therefore denied.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

## JURY DEMAND

61. Eurochannel demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

With respect to Plaintiff's judgment demands ("Wherefore" Clause), Eurochannel denies that Plaintiff is entitled to any of the relief sought in paragraphs (a) through (f) of the Complaint.

## AFFIRMATIVE DEFENSES

1. **Laches.** Plaintiff substantially delayed in asserting its alleged rights before filing the instant action when it knew or should have known of the existence of any purported claim. Plaintiff's deliberate and unreasonable delay in pursuing its alleged rights was consequential, avoidable, and inexcusable and there was undue prejudice to Eurochannel. Consequently, Plaintiff's recovery from Eurochannel, if any, is barred or, alternatively, reduced by Plaintiff's inequitable conduct.

2. **Equitable Estoppel.** By conduct, representations, and/or omissions, Plaintiff is equitably estopped to assert any claim for relief against Eurochannel. Plaintiff has permitted public websites to use and display the "Photograph" at issue without attribution to Plaintiff and without any copyright management information. Eurochannel reasonably relied on Plaintiff's conduct, i.e., permission for other popular public websites to utilize the subject "Photograph."

3. **Unclean hands.** Plaintiff is barred from any recovery by the doctrine of unclean hands. Upon information and belief, Plaintiff received no value for any license of the asserted work. Indeed, the Complaint does not allege that Plaintiff ever licensed the asserted work. Plaintiff has permitted popular public websites to use and display the "Photograph" at issue without

attribution to Plaintiff and without any copyright management information, to the legal detriment of Eurochannel.

4. **Abandonment.** Plaintiff is barred from any recovery due to Plaintiff's abandonment of the alleged copyright Upon information and belief, Plaintiff received no value for any license of the asserted work. Indeed, the Complaint does not allege that Plaintiff ever licensed the asserted work. The Photograph at issue in the Complaint is freely available and accessible on other popular public websites, without any copyright management information. Thus, Plaintiff has effectively authorized the unlicensed use and distribution of the Photograph over the Internet. By allowing other websites to continue to display the Photograph at issue without any copyright management information, Plaintiff has demonstrated an intent to surrender any alleged rights it may have had in the Photograph.

5. **Lack of Standing.** The Complaint should be dismissed under Rule 12(b)(1) because Plaintiff does not satisfy any of the requisite elements for Article III standing. Under the Copyright Act, only the legal or beneficial owner of an 'exclusive right' has standing to bring a copyright infringement action" To establish Article III standing to sue for copyright infringement and avoid dismissal on this basis, Plaintiff must plausibly allege that: (1) it is the owner of the copyright at issue or (2) it has been granted exclusive licenses by owners of copyrights. Plaintiff has failed to alleged that it acquired exclusive rights in and to the subject Photograph.

6. **Failure to Mitigate.** If Plaintiff suffered any damages as alleged in the Complaint or otherwise, it was directly and proximately caused and/or contributed to by Plaintiff's conduct, as Plaintiff did not exercise reasonable care or caution to mitigate its damages by taking sufficient steps to protect the subject Photograph. Plaintiff's failure to mitigate is also evidenced by the fact that Plaintiff delayed in asserting a claim against Eurochannel.

7. **Innocent Infringement.** To any extent Eurochannel is found to have infringed Plaintiff's alleged copyrighted Photograph, which it denies, Eurochannel did so innocently as to limit any potential statutory or actual damages for any alleged infringements.

8. **No Revenue.** No revenue, let alone income was generated from or attributable to the Photograph in question.

9. **Fair Use.** To the extent Eurochannel used any portion of the Photograph at issue that are subject to copyright protections and/or registrations, it did so for purposes of criticism, comment, news reporting, teaching, scholarship, and/or research, and therefore in accordance with the fair use doctrine provided by 17 U.S.C. § 107, Eurochannel cannot be held liable on the claim asserted by Plaintiff.

10. **Statute of Limitation.** The Plaintiff's claims are barred by the 3-year statute of limitations.

11. **No Copyright Notice.** Plaintiff's claims are barred because a copyright notice was not included on the Photograph.

12. **Unoriginal.** The asserted work is not original and not sufficiently expressive to warrant copyright protection.

**WHEREFORE**, Eurochannel respectfully requests that Plaintiff take nothing by way of its Complaint, the Court grant Eurochannel its costs and attorneys' fees under 17 U.S.C. §505, that the Complaint be dismissed with prejudice, and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Euyelit Adriana Moreno Kostencki*
Euyelit Adriana Moreno Kostencki
Florida Bar No. 84507
akostencki@exorolaw.com

        **EXORO LAW PLLC**
        2200 N Commerce Pkwy., Suite 200
        Weston, FL  33326
        Telephone: (954) 947-0050
        Eservice: paralegal@exorolaw.com

        *Attorneys for Defendant Eurochannel, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of June, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which will serve a copy of the foregoing document on all counsel of record on the below service list.

        By: */s/ Euyelit Adriana Moreno Kostencki*
        Euyelit Adriana Moreno Kostencki

## SERVICE LIST

Craig B. Sanders, Esq. (Fla Bar 0985686)
333 Earle Ovington Blvd, Suite 402
Uniondale, NY 11553
Tel: (516) 203-7600
Email: csanders@sanderslaw.group

*Attorneys for Plaintiff*